UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

                Plaintiff,

v.                                         Case No. 24-cv-430-pp

SGT. MASON ZAGORSKI, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Jonathon M. Mark, who previously was incarcerated at the Fond du Lac County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

      On April 29, 2024, the court ordered the plaintiff did not have to pay an initial partial filing fee. Dkt. No. 6. The court gave the plaintiff an opportunity

1

to voluntarily dismiss the case by May 20, 2024, without the risk of incurring a strike. Id. The plaintiff did not do so. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued Sergeant Mason Zagorski, CO Bukowizc and Assistant Jail Administrator Tyler Broderick, who were employed at the Fond du Lac County Jail at the time of the events described in the complaint. Dkt. No. 1 at 1. The plaintiff alleges that on February 25, 2024, Zagorski and Bukowizc[1] searched his cell and took all his legal documents, including "motions, a brief, letters to judges, letters to attorneys, letters to my attorney, complaints filed with the jail, complaints to the Office of Lawyer Regulation, complaints to the Judicial Commission, letters to Brandon Flugaur, Asst. Atty General, complaints to OSHA, complaints to the Office of Regulation and Licensing, complaints to the Office of Detention Facilities and letters to the District Attorney, Eric Toney[.]" Id. at 3-4. The plaintiff claims that Zagorski and Bukowizc's actions violated his First Amendment right to free speech,

---

[1] The plaintiff separately alleges that on February 25, 2024, Zagorski searched his cell and took all his legal documents, and that on February 25, 2024, Bukowizc searched his cell and took all his legal documents. It is not clear whether the plaintiff means to allege that the two defendants conducted the search together, or that there were two separate searches at different times.

3

access to the courts (by providing photocopies to the D.A.'s Office) and his Sixth Amendment right to attorney-client privilege, all based on censorship, in order to harass him, retaliate against him and discover his litigation strategy for the jail and a pending active case to the DA's office/this jail. Id.

The plaintiff alleges that on February 26, 2024, Broderick received all the plaintiff's legal documents, in violation of the plaintiff's First Amendment right to free speech, access to the courts and Sixth Amendment right to attorney-client privilege, all based on censorship, in order to harass, retaliate and discover the plaintiff's litigation strategy for the jail and a pending active case to the DA's office/jail. Id. at 4. The plaintiff states that he believes his documents were photocopied. Id.

The plaintiff seeks damages, injunctive relief and declaratory relief. Id. at 5.

C. Analysis

The plaintiff appears to allege that the defendants have retaliated against him for his litigation activities at the jail. To plead a retaliation claim, the plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)). The plaintiff has a First Amendment right to file a lawsuit and the confiscation of his documents arguably constitutes a deprivation likely to deter First Amendment activity in the future. See Bridges, 557 F.3d at 551-52. The plaintiff has not, however, pled facts to satisfy the third element of a retaliation claim. To state a claim for

4

retaliation, the plaintiff must plausibly allege that his protected activity was a motivating factor behind the defendants' conduct. See Bridges, 557 F.3d at 546. The plaintiff's conclusory allegation that the defendants retaliated against him relies on speculation and is insufficient. See Dorsey v. Williams, No. 21-1858, 2022 WL 337192, at *1, (7th Cir. Feb. 4, 2022) (citing Twombly, 550 U.S. at 555); see also Kaminski v. Elite Staffing, Inc., 23 F.4th 774, 777-78 (7th Cir. 2022).

The plaintiff also alleges that the defendants have denied him access to the courts. Incarcerated individuals have a due process right of access to the courts and must be given a reasonably adequate opportunity to present their claims. Bounds v. Smith, 430 U.S. 817, 825 (1977). Prison officials may be liable for a deprivation of this right if they intentionally take or destroy an individual's legal papers. Gregory v. Nunn, 895 F.2d 413, 415 (7th Cir. 1990) (citation omitted). To state an access-to-the-courts claim, a plaintiff must allege that the alleged interference caused actual injury:

> The requirement that prisoners making access-to-courts claims allege specific prejudice should not be understood as an onerous fact-pleading burden; it is simply a requirement that a prisoner's complaint spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.

Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). The complaint must "'allow the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit,' and . . . place the defendants on notice of the plaintiff's claim so that they can begin to prepare their defense." Pratt v. Tarr, 464 F.3d 730, 733 (7th Cir. 2006) (quoting Ryan v. Mary Immaculate Queen Ctr., 188 F.3d 857, 860 (7th Cir. 1999)). The plaintiff has not alleged that the defendants' actions

5

caused "actual injury" and therefore has not stated an access-to-the-courts claim.

The plaintiff alleges that the defendants have violated his rights under the Sixth Amendment. The Sixth Amendment establishes and protects the rights of a person accused in a criminal prosecution, including the right to a speedy trial, the right to a lawyer, the right to an impartial jury, the right to confront witnesses and the right to know the nature of the charges. U.S. CONST. AMEND. VI. The court understands that at the time of these events, the plaintiff may have faced the possibility of criminal charges, but he has not explained how the seizure of his legal papers and the alleged photocopying of those papers interfered with any of his Sixth Amendment rights in any criminal prosecution. The complaint does not state a claim under the Sixth Amendment.

The plaintiff has not stated a claim for violation of his rights under federal law. The court will give the plaintiff an opportunity to file an amended complaint. The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b) (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by the end of the day on **August 16, 2024**. If the court receives an amended complaint by the end of the day on August 16, 2024, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the end of the day on August 16, 2024, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$350** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal

to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner

Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 23rd day of July, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**