UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

                    Plaintiff,

    v.                                          Case No. 24-cv-430-pp

SGT. MASON ZAGORSKI, *et al.*,

                    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE, DENYING PLAINTIFF'S MOTION TO CHALLENGE INCURRED STRIKE AND DENYING AS MOOT PLAINTIFF'S REQUEST FOR COPIES (DKT. NO. 13)**

Plaintiff Jonathon M. Mark, who is incarcerated at the Fond du Lac County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. On July 23, 2024, the court screened the complaint under 28 U.S.C. §1915A and concluded that the complaint failed to state a claim. Dkt. No. 7 at 7. The court gave the plaintiff the opportunity to file an amended complaint and ordered that the plaintiff did not file an amended complaint by August 16, 2024, the court would dismiss the case based on the failure of the original complaint to state a claim. Id. at 7-8. On August 12, 2024, the court's order was returned to the court as undeliverable. Dkt. No. 8. The plaintiff did not file a notice of change of address with the court, but the court's staff searched Wisconsin online court records and found an address for the plaintiff that had been updated as of July 30, 2024. Dkt. No. 9. The court re-sent the screening order to the plaintiff at that address and ordered that if he did not file an amended

1

complaint by September 13, 2024, the court would dismiss the case. Id. On

September 12, 2024, *that* order was returned as undeliverable. Dkt. No. 10.

Eight days later, the court dismissed the case for failure to state a claim. Dkt.

No. 11.

On February 28, 2025, the court received from the plaintiff a "motion to

reopen and relief from judgment, to challenge incurred strike and motion to

receive copies of court documents[.]" Dkt. No. 13. He states that he did not

receive the court's order dated April 29, 2024 because jail staff interfered with

his mail. Id. at ¶¶2-3. He also says that he never received the court's orders

dated July 23, 2024, August 21, 2024 or September 20, 2024. Id. at ¶¶4-6. The

plaintiff states that he was unable to pick up his mail at the "Portland

address," which is an address "used by the homeless as their address." Id. at

¶¶7-9. He says that he could not have someone else pick up his mail nor did he

have money to purchase writing materials to contact the court. Id. at ¶¶10-11.

The plaintiff asks the court to provide him with copies of his complaint and the

court's orders he did not receive at no charge because he is indigent. Id. at

¶12.[1] He asks the court to reopen the case and grant him relief from judgment.

Id. The plaintiff challenges the "strike" he incurred because "he would've

probably voluntarily dismissed this case, or, at least, amended his complaint[.]"

Id.

---

[1] On March 3, 2025, clerk's office staff sent the plaintiff a letter about obtaining
copies of these documents. Dkt. No. 14. The court will deny as moot his
request for copies.

The court considers the plaintiff's motion under Federal Rule of Civil Procedure 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)). Rule 60(b) allows a court to grant relief from a judgment for any of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The court described above the steps it took to attempt to mail its orders to the plaintiff and how they were returned as undeliverable. After the second order was returned as undeliverable, the court dismissed the plaintiff's complaint for failure to state a claim, as it said it would do in the screening order. Dkt. No. 11.

In the plaintiff's motion to reopen, he acknowledges that he did not update the court with his current address after he was released from jail. Dkt. No. 13. The court tried to find the plaintiff and send documents to him at a

3

more current address. Although the plaintiff says that the address that court staff found for him in the Wisconsin court records "was good," he also says that he didn't have transportation to pick up mail at that address and that he lacked funds to mail anything to the court. The court questions whether an address at which the plaintiff could not receive mail at was "good." Regardless, the plaintiff could have called the clerk's office and advised a staff member of his situation. The court's April 11, 2024 letter to the plaintiff advised him that he must notify the court if his mailing address changed and that failure to do so could result in dismissal of the case without further notice. Dkt. No. 3. The plaintiff does not state that he did not receive this letter. Even if he didn't receive it, the plaintiff has filed many cases in the Eastern District of Wisconsin[2] and should be aware of the requirement that he must provide the court with an address at which he can receive mail or notify the court that he cannot receive mail.

The plaintiff's homelessness after being released from jail does not constitute excusable neglect under Rule 60(b) and does not warrant reopening this case. See Harris v. Emanuele, 826 F. App'x 567, 568 (7th Cir. 2020) (failure to update address timely not excusable neglect because plaintiff provided no explanation why he could not have updated his address after fire that prevented him from receiving case filings); Shaffer v. Lashbrook, 962 F.3d 313, 317 (7th Cir. 2020) (failure to check docket for over six months is not

---

[2] Since December 2020, the plaintiff has filed about thirty civil cases in the Eastern District of Wisconsin.

excusable neglect, despite inability to receive mail); <u>Modesitt v. Wexford Medical</u>, Case No. 21-cv-1711, 2023 WL 348270, at *1-*2 (S.D. Ind. Jan. 20, 2023) (plaintiff's homelessness after release from confinement not excusable neglect because he did not notify court of homelessness when it happened and reopening case would prejudice defendants); <u>see also Juarez v. Kenosha Cnty. Sheriff's Dep't</u>, Case No. 19-cv-1593, 2021 WL 363981, *3 (E.D. Wis. Feb. 3, 2021) (plaintiff's loss of home and subsequent arrest did not constitute extraordinary circumstances sufficient to grant him relief from court's judgment). The court will deny the plaintiff's motions to reopen case and challenge incurred strike.

The court **DENIES** the plaintiff's motion to reopen case. Dkt. No. 13.

The court **DENIES** the plaintiff's motion to challenge incurred strike. Dkt. No. 13.

The court **DENIES AS MOOT** the plaintiff's request for copies. Dkt. No. 13.

Dated in Milwaukee, Wisconsin this 8th day of May, 2025.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

5